Cornelius Lansing, plaintiff in error, *vs.* Ephraim J. Bates, defendant in error.

*Error to Boone.*

In a trial of the right of property, where both parties are partially successful, each is entitled to a judgment against the other, for costs.

This was a trial of right of property, upon a seizure upon an execution from a justice of the peace. The judgment and finding before the justice were for the plaintiff in execution and present plaintiff in error. The claimant of the property prayed an appeal; and upon a trial of the cause in the Circuit Court, the jury found that a part of the property belonged to the claimant. The counsel of the plaintiff in execution in that Court moved to have the costs apportioned; which the Circuit Court, H. T. Henderson, Judge, refused to do, but gave judgment that the claimant recover his costs of the plaintiff in execution, the present appellee. This writ of error was sued out to correct this decision, as to costs.

A. B. Coon, for plaintiff in error.

Loop & Hurlbut, for defendant in error.

Opinion by Treat, C. J.:

It is held in the action of replevin, where the verdict is for the plaintiff for a part of the property in controversy, and for the defendant for the residue, that each party is entitled to a judgment for costs. Powell *vs.* Hinsdale, 5 Mass., 343; Clark *vs.* Keith, 9 Ohio, 343; Brown *vs.* Smith, 1 New Hampshire, 36. We are inclined to hold the rule applicable to the trial of the right of property under our statute. This proceeding is a substitute for the action of replevin, in the case of personal property levied on by execution or attachment. Although a more summary and convenient remedy, it is designed to accomplish the same purpose—a determination of the rights of the parties in the property in dispute. By the provisions of the statute, if the property is found to belong to the claimant, it is to be restored to him, and the costs are to be taxed against the plaintiff in execution; but if the right in the property is found not to be in the claimant, the costs are to be taxed against him, and the officer is to proceed with the execution. Where the verdict is an entirety, the unsuccessful party is charged with all of the costs of the proceeding; but where the verdict is partly for both parties, each, to the extent of the finding in his favor, is considered as the prevailing party, and is entitled to recover his costs. The rule will operate beneficially in practice. The owner of property wrongfully taken on execution, will recover the costs incurred by him in asserting his rights; and the plaintiff in execution will recover the costs made by him in resisting an unfounded claim. In this case, both parties were partially successful, and each was entitled to a judgment against the other for his costs.

The judgment of the Circuit Court will be reversed, and the cause remanded to that Court, with directions to enter cross judgments in favor of each party for the costs made by them respectively.

*Judgment reversed.*